UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE:<br><br>RRNB 1290, LLC,<br><br>DEBTOR. | CASE NO. 20-50883<br><br><br>CHAPTER 11 CASE |
| SECURITY STATE BANK & TRUST,<br>    Movant,<br><br>VS.<br><br>RRNB 1290, LLC,<br>    Respondent. | |

## AMENDED MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 CASE OR DISMISS WITH PREJUDICE

Security State Bank & Trust, a Texas bank, ("SSBT") files this Amended Motion to Convert Chapter 11 Case to Chapter 7 Case or Dismiss With Prejudice ("Amended Motion"). The Amended Motion is filed to incorporate developments which occurred after the Motion was filed, and correct the identity of the lessor, RRED Corp.

### I.

### Background

A    Description and History of the Debtor's Business. RRNB 1290, LLC, the Debtor ("Debtor") is a Texas limited liability company. It has no operating business or employees. It owns real property in Comal County, Texas ("Real Property") which it has leased to an affiliated company, RRED Corp. ("RRED") which, in turn, operates businesses. Although RRED is legally obligated to pay rent of $10,500.00 monthly to the Debtor, it has not done so with minor exceptions, keeping the income it raises for itself.

B.    Insiders of the Debtor. Robert Kane is 100% owner of the membership of Debtor and RRED and manages both entities.

1

    C.    <u>Management of the Debtor Before and During the Bankruptcy</u>. The management of the Debtor and RRED has not changed before or during the bankruptcy filing.

    D.    <u>Events Leading to Chapter 11 Filings</u>. In May 2018, SSBT made loans to Debtor and RR Entertainment. By November 2018, Debtor and RR Entertainment had defaulted on all of the loans from SSBT. Efforts in 2019 to refinance the loans or sell the Real Property were unsuccessful. The Debtor filed its first Chapter 11 on December 2, 2019 to stop SSBT's foreclosure sale. That case was dismissed April 28, 2020. This case was filed May 4, 2020 to stop SSBT's foreclosure sales.

    E.    <u>Significant Events During the Second Bankruptcy Case</u>.

        1.    SSBT filed its Motion to Lift Automatic Stay on May 11, 2020. On June 29, 2020 SSBT's representative testified, without objection, that SSBT Loan Number 2016 had the following balances:

| | |
|---|---|
| Principal: | $1,479,626.22 |
| Interest and Collection Costs: | $299,467.50 |
| Per Diem: | $739.81 |

and SSBT Loan Number 2116 (RR Entertainment) had the following balances:

| | |
|---|---|
| Principal: | $399,876.25 |
| Interest and Collection Costs: | $122,807.91 |
| Per Diem: | $199.94 |

        2.    After evidentiary hearings on June 29, 2020 and July 27, 2020, the Bankruptcy Court lifted the automatic stay to permit SSBT to conduct a foreclosure sales of the Real Property. On the eve of the first scheduled foreclosure sale, Robert Kane filed his Application for Ex-Parte Temporary Restraining Order and Temporary Injunction in the 274th District Court, Comal County, Texas, seeking a Temporary Restraining Order and Temporary Injunction to restrain the foreclosure sale of the Real Property and the real property of affiliate, RR 8400, LLC. A Temporary Restraining Order was granted ex-parte. SSBT filed an Answer and at a subsequent hearing the District Court found no jurisdiction and denied the Temporary Injunction. On the eve of the subsequent foreclosure sale, the Debtor and its affiliate, RRNB 8400, LLC, filed an Adversary Proceeding against SSBT alleging that a public sale of the Real Property

2

was not possible under the current occupancy limits at the Comal County Courthouse. The Bankruptcy Court granted a Temporary Restraining Order preventing the foreclosure sale scheduled on August 31, 2020 which was extended by successive court orders. After hearing the Debtor's application for a temporary injunction on December 15, 2020 this Court denied the Temporary Injunction and SSBT posted the Real Property for a January 5, 2021 foreclosure sale. This Court subsequently denied the Debtor's Motion for a Stay Pending Appeal. The Debtor and its affiliate then asked for a stay pending appeal on an emergency basis from the United States District Court. This request was denied on December 31, 2020. Using yet another new attorney, the Debtor, Robert Kane, and his affiliates, including the Debtor, filed a new state court action on January 4, 2021 in the 433rd District Court, Comal County, Texas, seeking a Declaratory Judgment and, pending a trial, a Temporary Restraining Order and Temporary Injunction. The pleading specifically misrepresented the law to the Court stating: "Now, because the automatic stay that was in place has been lifted, the Property is no longer under the jurisdiction of the Bankruptcy Court and the issue is now properly before this Court for consideration." The Comal County District Court signed a Temporary Restraining Order on January 4, 2021. Although the Temporary Restraining Order is invalid on its face, SSBT passed the foreclosure sales.

3. On August 18, 2020, the Court entered an Order [Dkt #45] authorizing the Debtor to employ Craig Real Estate to market the Real Property owned by Debtor. No offer has been made to SSBT's knowledge.

4. The Debtor's exclusive right to file a plan of reorganization has expired. The Debtor did not file a Plan until after this Motion was filed. There is no proposed sale of the Real Property.

5. Until December 8, 2020, the Debtor had not filed a monthly Operating Report since August 28, 2020. Total income for May, June and July: $10,100.00. Total income since: $325.00. Total disbursements May through October: $10,341.00, of which $10,000.00 for an adequate protection payment to SSBT.

## II.
## ARGUMENT

A.  Cause.

6.  Section 1112(b)(1) provides: "[t]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause ..." 11 U.S.C. § 1112(b)(1). SSBT moves to convert the case to a chapter 7 case or, in the alternative, dismiss with prejudice.

7.  The term "cause" includes, but is not limited to, the following (some causes excluded from the statutory list)–

  a.  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

  b.  gross mismanagement of the estate;...

  c.  failure to maintain appropriate insurance that poses a risk to the estate or to the public;...

  d.  unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter...

  e.  failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court.

11 U.S.C. § 1112(b)(4). Any one of these grounds constitutes cause to convert or dismiss and allows the Court to enter an order converting or dismissing the case. It follows that any combination of these presents an even stronger justification for converting or dismissing the case.

8.  Substantial or Continuing Loss/Diminution in Value. SSBT asserts that there exists both a substantial and continuing loss to, or diminution of, the estate. Either a substantial *or* continuing loss would satisfy this test. Both are present here. "Cause" is easily established. Each month Debtor's equity in the Real Property, which is theoretical equity not actual equity, is reduced by interest accrued on SSBT Loan 2016 and SSBT Loan 2116 at the total rate of $29,135,70 per month, or a total of $233,085.60 between May, 2020 and November, 2020. As a result of Debtor's failure to sell or refinance the Loans and

its desperate, sometimes, illegal actions to forestall foreclosure, whatever equity cushion once existed, in theory, has now been lost.

9. A substantial post-petition loss or if a debtor is operating with a sustained negative cash flow constitute "cause." COLLIER ON BANKRUPTCY, 1112.04[6][a][I] (citing *In re Garetway Solutions, Inc.*, 374 B.R. 556, 564 (Bankr. M.D. Pa. 2007); see *In re Schriock Constr., Inc.*, 167 B.R. 569, 575 (Bankr. D.N.D. 1994)("This element can be satisfied by demonstrating that the debtor incurred continuing losses or maintained a negative cash flow position after entry of the order for relief.")

10. <u>Likelihood of Rehabilitation</u>. After a year in two Chapter 11 cases, Debtor cannot show any likelihood of rehabilitation. Debtor's failure to conduct a liquidation of the Real Property despite a year in Chapter 11 demonstrates its clear decision not to liquidate at a price the market will pay. In the meantime, Robert Kane uses the businesses of RRED to support himself.

11. <u>Gross Mismanagement of the Estate</u>. Robert Kane has grossly mismanaged and failed to protect the estate and estate assets. Pre- and post-petition he has operated RRED businesses on the Real Property but he has never caused the Debtor to service the debt to SSBT in over two years. He is simply, consuming whatever equity may exist in the Real Property while using it to generate income that he puts in his own pocket. None of the businesses operated by RRED could ever hope to pay the SSBT loans. Liquidation has always been the only option. The failure of Robert Kane to promptly liquidate is gross mismanagement.

12. For two years, Debtor has done nothing to liquidate its assets for the benefit of its creditors. Rather, Robert Kane is using the Debtor to his benefit and ignoring the fiduciary duties he owes to Debtor's creditors.

13. <u>Insurance</u>. SSBT has been forced to place single interest insurance on improvements on the Real Property.

14. <u>Failure to Timely Confirm a Plan or File Reports</u>. Debtor failed to confirm a Plan in the

5

first Chapter 11 case. Debtor failed to file a Plan in this case until after the Motion was filed. Its exclusive right to file a Plan has expired. The Debtor has a history of failing to timely file required Monthly Operating Reports.

15. <u>Inability to Effect Substantial Consummation of the Plan</u>. Even if the Debtor had filed a plan and pursued confirmation of that Plan, the Debtor will not be able to substantially consummate its Plan because its management has no intention of liquidating the Real Property at a price the market will support. Equally persuasive, since the Debtor has lost its equity cushion due to interest accrual, no plan will be feasible.

B. <u>Best Interests of the Creditors</u>.

16. There are only two, possibly three creditors, SSBT, the taxing authorities and, perhaps, the United States Trustee program.

17. A conversion to Chapter 7 would provide a prompt liquidation or abandonment of the Real Property which might result in a distribution to Mr. Kane after all other creditors are paid in full, plus interest, including default interest.

18. If there is a dismissal, it must be with prejudice to refiling for at least three hundred and sixty-five (365) days to permit SSBT to implement its contractual remedies without additional interference from spurious Chapter 11 cases.

### III.
### PRAYER

WHEREFORE, Security State Bank & Trust requests that the Court grant its Motion to Convert Chapter 11 case to Chapter 7 case or Dismiss with Prejudice and for such other and further relief which the Debtor may show itself entitled.

6

Respectfully submitted,

WARREN, DRUGAN & BARROWS, P.C.
800 Broadway, Suite 200
San Antonio, Texas 78215
Telephone: (210) 226-4131
Facsimile: (210) 224-6488

By: /s/ Robert L. Barrows
Robert L. Barrows   01833500
rbarrows@wdblaw.com

*Attorneys for Security State Bank & Trust*

## CERTIFICATE OF SERVICE

I certify that on the 8th day of January, 2021, a true and correct copy of the foregoing document was served via ECF, if available, and/or by certified mail, return receipt requested on the following:

Debtor:
RRNB 1290, LLC
8511 River Road
New Braunfels, Texas 78132

Debtor's Attorney:
Morris E. White, III
Villa & White, LLP
1100 NW Loop 410, Suite 802
San Antonio, Texas 78213

United States Trustee
615 E. Houston St., Suite 533
San Antonio, Texas 78205

and to all parties requesting notice through the Court's EFC.

/s/ Robert L. Barrows
Robert L. Barrows

7